JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 13-942-JLS (ANx) Date: November 26, 2013
Title: Carol Prock v. Thompson National Properties LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

Terry Guerrero — Deputy Clerk
N/A — Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF: Not Present

ATTORNEYS PRESENT FOR DEFENDANT: Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE**

On June 25, 2013, Plaintiff filed the present action, asserting jurisdiction under the Class Action Fairness Act ("CAFA"). (Compl., Doc. 1.) On November 5, 2013, the Court ordered the parties to show cause as to why this Court can or should exercise jurisdiction under CAFA. (OSC, Doc. 81.) Plaintiff Carol Prock and Defendants Neil Miller, Johnna Howard, Greg Genovese, Anthony Thompson, Stephen Corea, Mark Osgood, Jack Maurer, Darryll Goodman, Darrell Betts, Thompson National Properties, LLC, and TNP Commercial Services, LLC filed responses to the Order to Show Cause ("Responding Parties"). (Docs. 83-87.)[1] None of the responding parties objects to the Court declining to exercise CAFA jurisdiction. Accordingly, and for the reasons stated below, this action is dismissed.

As noted in the Court's OSC, even if the minimum requirements of CAFA are met, a Court may "in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" under CAFA where "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . . ." 28 U.S.C. § 1332(d)(3). In this case, "forty-five percent of the class members reside in California and the three entity defendants along with the primary

[1] Defendants Lyle Landsell and TNP 6700 Santa Monica Boulevard, DST did not file a response.

individual defendant (TNP CEO Thompson) are citizens of California." (Prock Response at 3.) Therefore, in determining whether to exercise jurisdiction, the Court considers the following factors:

> (A) whether the claims asserted involve matters of national or interstate interest;
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).

Based on the above factors, Plaintiff does not object to the Court declining jurisdiction. (Prock Resp. at 5.) In particular, while Plaintiff argues that the first factor (claims involving matters of national or interstate interest) favors the exercise of jurisdiction, Plaintiff acknowledges that the second factor weighs against exercising jurisdiction, as all of the claims arise under California law, as does the fifth factor, because "[t]here are more than five times more California investors than there are

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-942-JLS (ANx) Date: November 26, 2013

Title: Carol Prock v. Thompson National Properties LLC et al.

investors from the next most common state, Utah." (*Id*. at 4-5.) Plaintiff also acknowledges that the remaining factors are either neutral or irrelevant.

Although Defendants weigh the relevant factors somewhat differently, they agree that the Court should decline to exercise CAFA jurisdiction.

Accordingly, the Court finds that, "in the interests of justice and looking at the totality of the circumstances," it would be appropriate to decline jurisdiction, and DISMISSES this action.

Initials of Preparer: tg